AO 245B  (Rev. 03/01) Judgment in a Criminal Case
         Sheet1

# United States District Court
## Middle District of Louisiana

FILED
U.S. D[IST] COURT
[...]A

2008 MAR -7 P 3: 59

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| WANDA FAYE MOSES | Case Number: 3:07CR00085-001-JVP-DLD |

Gideon T. Carter, III, Esq.
Defendant's Attorney

**THE DEFENDANT:**
[✔]  pleaded guilty to count(s): I of the Indictment .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.
     Accordingly, the court had adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 510(a)(1) | Forging Endorsement on Treasury Check | 9/1/2006 | I |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  Count(s) II of the Indictment  is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and US Attorney of any material change in the defendant's economic circumstances.

March 6, 2008
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

JOHN V. PARKER, United States District Judge
Name & Title of Judicial Officer

March 7, 2008
Date

USAtty

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 4 - Probation

CASE NUMBER:    3:07CR00085-001-JVP-                       Judgment - Page 2 of 5
DEFENDANT:       WANDA FAYE MOSES

## *PROBATION*

The defendant is hereby placed on probation for a term of 5 years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✔]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## *STANDARD CONDITIONS OF SUPERVISION*

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol; and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substance, except as prescribed by a physician.
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 4 - Probation

| | | |
|---|---|---|
| CASE NUMBER: | 3:07CR00085-001-JVP- | Judgment - Page 3 of 5 |
| DEFENDANT: | WANDA FAYE MOSES | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges or open additional lines of credit, or negotiate or consummate any financial contracts without the approval of the probation officer.

2. The defendant shall be placed on home detention for a period of *4* months, to commence at the direction of the probation office. The defendant shall follow the conditions specified in the "Home Confinement Program - Participant Agreement" which includes wearing an electronic device. The defendant is to pay electronic monitoring costs not to exceed the daily contractual rate at the direction of the probation office.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 4 - Probation

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 - Criminal Monetary Penalties

CASE NUMBER: 3:07CR00085-001-JVP-
DEFENDANT: WANDA FAYE MOSES

Judgment - Page 4 of 5

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 14,949.00 |

[ ]  The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[✔]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| McDonald Health Mart<br>ATTN: Rhonda Tomb<br>P. O. Box 299<br>Jackson, LA 70748 | 5,085.00 | 5,085.00 | |
| Star Associated Grocers<br>ATTN: Jim Odom<br>P. O. Box 240<br>Jackson, LA 70748 | 1,146.00 | 1, 146.00 | |
| Social Security Administration<br>Debt Management Section<br>ATTN: Court Refund<br>P. O. Box 2861<br>Philadelphia, PA 19122<br>Reference Betty S. Elliott # | 8,718.00 | 8,718.00 | |
| TOTALS: | | $14,949.00 | $_ |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:      3:07CR00085-001-JVP-
DEFENDANT:        WANDA FAYE MOSES

Judgment - Page 5 of 5

[ ]  The interest requirement for the fine is waived.

[ ]  The interest requirement for the fine is modified as follows:

## RESTITUTION

[ ]  The court modifies or waives interest on restitution as follows:

## SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total fine and other criminal monetary penalties are due as follows:

A  [✔]  Lump sum of $ 15,049.00  due immediately.

   [ ]  not later than __, or
   [ ]  in accordance      [] C, [] D, [] E, or [] F below; or

B  [ ]  Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C  [ ]  Payment in equal __ (e.g. equal, weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years) to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal __ (e.g. equal, weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years) to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  []   Payment during the term of supervised release will commence within __(e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

[ ]  Joint and Several

| Case Number (Including defendant number) | Defendant Name | Joint and Several Amount |
|---|---|---|

[ ]  The defendant shall pay the cost of prosecution.

[]   The defendant shall pay the following court costs:

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:      Wanda Faye Moses
CASE NUMBER:    07-85-JVP-DLD
DISTRICT:       Middle District of Louisiana

# STATEMENT OF REASONS
(Not for Public Disclosure)

## I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☒ **The court adopts the presentence investigation report without change.**

B. ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use page 4 if necessary.)

1. ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2. ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3. ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4. ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C. ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II. COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply)

A. ☒ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C. ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on
☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III. COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level:     8
Criminal History Category:    II
Imprisonment Range:    4  to  10  Months
Supervised Release Range    2  to  3  Years
Fine Range: $2,000    to  $20,000

☒ Fine waived or below the guideline range because of inability to pay.

DEFENDANT:     Wanda Faye Moses
CASE NUMBER:   07-85-JVP-DLD
DISTRICT:      Middle District of Louisiana

# STATEMENT OF REASONS
(Not for Public Disclosure)

**IV.   ADVISORY GUIDELINE SENTENCING DETERMINATION** (*Check only one*)

A. ☒ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B. ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use page 4 if necessary.)

C. ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D. ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V.   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A. **The sentence imposed departs** (*Check only one*):
☐ below the advisory guideline range
☐ above the advisory guideline range

B. **Departure based on** (*Check all that apply*):

1. **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2. **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3. **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | | 5K2.9 Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | | 5K2.10 Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use page 4 if necessary.)

| | |
|---|---|
| DEFENDANT: | Wanda Faye Moses |
| CASE NUMBER: | 07-85-JVP-DLD |
| DISTRICT: | Middle District of Louisiana |

# STATEMENT OF REASONS
(Not for Public Disclosure)

**VI. COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(*Check all that apply*)

- A. **The sentence imposed is** (*Check only one*):
  - ☐ below the advisory guideline range
  - ☐ above the advisory guideline range

- B. **Sentence imposed pursuant to** (*Check all that apply*):
  1. **Plea Agreement** (*Check all that apply and check reason(s) below*):
     - ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
     - ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be
     - ☐ plea agreement that states that the government will not oppose a defense motion to the court to system
  2. **Motion Not Addressed in a Plea Agreement** (*Check all that apply and check reason(s) below*):
     - ☐ government motion for a sentence outside of the advisory guideline system
     - ☐ defense motion for a sentence outside of the advisory guideline system to which the government
     - ☐ defense motion for a sentence outside of the advisory guideline system to which the government
  3. **Other**
     - ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

- C. **Reason(s) for Sentence Outside the Advisory Guideline System** (*Check all that apply*)
  - ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  - ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
  - ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  - ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
  - ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
  - ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
  - ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

- D. **Explain the facts justifying a sentence outside the advisory guideline system.** (*Use page 4 if necessary*)

DEFENDANT: Wanda Faye Moses
CASE NUMBER: 07-85-JVP-DLD
DISTRICT: Middle District of Louisiana

# STATEMENT OF REASONS
(Not for Public Disclosure)

**VII.**   **COURT DETERMINATIONS OF RESTITUTION**

A. ☐ Restitution Not Applicable.

B.   Total Amount of Restitution: $ 14,949

C.   Restitution not ordered (*Check only one*):

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any

3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4. ☐ Restitution is not ordered for other reasons. (Explain.)

D. ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: May 19, 1958

Defendant's Residence Address: 6405 Kinnon Lane
Ethel, Louisiana 70730

Defendant's Mailing Address: 6405 Kinnon Lane
Ethel, Louisiana 70730

Date of Imposition of Judgment
March 6, 2008

Signature of Judge: *[signature]*

Name and Title of Judge:
Honorable John V. Parker, U.S. District Judge

Date Signed    March 7, 2008